B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Terrell Place Property LLc | BF Chinatown LLC |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| | |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| □ Debtor □ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor □ Other<br>□ Trustee | ☒ Debtor □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Defendant   Raymond Rahbar   Notice   of   removal

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>*BF Chinatown LLc* | BANKRUPTCY CASE NO.<br>*2026 - 11456* | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF<br>*Terrell Place Property LLC* | DEFENDANT<br>*BF chinatown LLc* | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| **In re:** | * | |
| | * | |
| **TERRELL PLACE PROPERTY, LLC,** | * | |
| | * | |
| **Plaintiff,** | * | **Bankruptcy Case** *2026 - 11458* |
| | * | **DC Superior Case: 2021 CA 000841 B** |
| **v.** | * | **DC Ct. of Appeals Case No. 21-CV-0595** |
| | * | |
| **BF CHINATOWN, LLC, *et al.*,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANT RAYMOND RAHBAR'S NOTICE OF REMOVAL

Please take notice that Defendant Raymond Rahbar hereby removes this action from the Washington DC Superior Court to the United States Bankruptcy Court for the Eastern District of Virginia pursuant to 28 U.S.C. §§ 1334(a)–(b) and 1452(a); 28 U.S.C. § 157(a)-(b); Fed. R. Bankr. P. 9027. In support of this Notice of Removal, Defendant Raymond Rahbar states as follows:

### CIVIL ACTION TO BE REMOVED

1.      Terrell Place Properties originally filed this action on March 18, 2021, by filing a complaint ("**Complaint**") against multiple defendants, including BF Chinatown LLC, a Virginia entity[1], Raymond Rahbar, a Virginia resident, and Ryan Macaulay, a Maryland resident despite a valid arbitration clause entered into by the parties and previously acknowledged force majeure clause. The DC Superior Court case number is 2021 CA 000841 B.

2.      As set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1452(a) because the procedural requirements for removal have been satisfied and this Court

---

[1] Please note this entity previously was a Delaware entity.

has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a)–(b).

## GROUNDS FOR REMOVAL

3.     On June 15, 2026, Raymond Rahbar filed an involuntary bankruptcy petition against BF Chinatown, LLC (the "**Debtor**") commencing a bankruptcy case (the "**Bankruptcy Case**") in the United States Bankruptcy Court for the Eastern District of Virginia (the "**Bankruptcy Court**") where BF Chinatown, LLC currently resides.

4.     The filing of the Bankruptcy Case created an estate (the "**Bankruptcy Estate**") comprised of all of the Debtor's property, wherever and by whomever held, that is included in the estate pursuant to 11 U.S.C. § 541 (the "**Property of the Estate**").

5.     As of the filing of this notice, no Trustee has been appointed.

6.     The Schedules filed by the Debtor are due pending a scheduling order and have not been filed by the Debtor as of the date of this notice.

7.     The Debtor has previously identified a number of potential litigation claims against certain defendants, including against Terrell Place Properties, Beacon Capital Partners and Cushman and Wakefield, among others (the "**Litigation Claims**") involving federal and state statutes.

8.     The estimated value of the litigation claims is unknown as of the date of this notice and have not been filed by Debtor as of the date of this notice.

9.     The Debtor previously listed Terrell Place Partners as a potential disputed creditor.

10.     Through the Civil Action, the Plaintiff seeks to invalidate a binding arbitration clause, invalidate a valid force majeure clause, invalidate its obligations under the lease and convert property of BF Chinatown and Raymond Rahbar to itself.

11.     To provide the relief sought by the Plaintiff, the adjudicating Court will necessarily be

required to determine several key factors. First, the Court will need to determine whether a mandatory arbitration clause is binding upon the parties. Second, the adjudicating Court will need to determine, in the absence of arbitration clause, whether a force majeure clause is binding in Washington DC despites plaintiffs contention that the Coronavirus Pandemic was not a foreseeable result under the contract. Third, the Court will need to determine whether a force majeure clause extends to a guarantee clause.

12.     The adjudicating Court will also necessarily be required to make factual findings related to litigation claims that arise out of the same common nucleus of operative facts as the Litigation Claims owned by the Bankruptcy Estate.

### STATUTORY AND JURISDICTIONAL AUTHORITY

13.     Removal of the Civil Action is proper pursuant to 28 U.S.C. § 1452(a), which provides for removal of claims or civil actions to the district court where the action is pending if the district court has jurisdiction over such claims or causes of action under 28 U.S.C. § 1334.

14.     Under 28 U.S.C. § 1334 the district courts of the United States have original and exclusive jurisdiction of all cases under Title 11. 28 U.S.C. § 1334(a). The district courts also have exclusive jurisdiction of all property of a bankruptcy estate and all property of the debtor as of the commencement of a bankruptcy case. 28 U.S.C. § 1334(e)(1). In addition, district courts have original, but not exclusive, jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. 28 U.S.C. § 1334(b).

15.     Pursuant to 28 U.S.C. § 157(a), each district court may "provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.".

16.     Plaintiff's claims to equity and debt related to property owned by BF Chinatown, LLC

are actions to determine property of this Bankruptcy Estate, which are matters within the exclusive jurisdiction of this Court pursuant to 28 U.S.C. § 1334(e)(1), 28 U.S.C. § 157(a). Those claims also arise in and relate to the Debtor's Bankruptcy Case and are thus matters within the non-exclusive jurisdiction of this Court pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a).

17.     In jurisdictions, such as this one, where the district court has adopted a standing order referring Title 11 matters to a bankruptcy court, removal notices are appropriately filed with the clerk of the Bankruptcy Court. *See* Fed. R. Bankr. P. 9027(a) (providing that "[a] notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending"); *and* Rule 9001(3) (defining "clerk" in the bankruptcy rules as the "bankruptcy clerk, if one has been appointed, otherwise clerk of the district court"); *see also In re Adams*, 133 B.R. 191, 193–94 (Bankr. W.D. Mich. 1991) ("[A]s a unit of the District Court, the Bankruptcy Court is encompassed within the broader reference to the District Court when defining the proper forum for filing a removal petition."); *Hendersonville Condo. Homes, Inc. v. Contractors Performance Corp.*, 84 B.R. 510, 511 (M.D. Tenn. 1988) (same, relying on Bankruptcy Rule 9001(3)).

18.     Here, the Civil Action was filed in the in the Washington DC Superior Court despite a valid arbitration clause specifically excluding Washington DC Superior Court as a choice of forum in the current matter where the underlying dispute is on the start of a lease.

19.     This matter may properly be removed to the United States Bankruptcy Court for the District of Columbia because this Court has jurisdiction under 11 U.S.C. § 1334 and 28 U.S.C. § 157(a) and this Court is in the same geographic area where the Civil Action is Pending.

20.     Removal is also timely. Bankruptcy Rule 9027(a)(2) provides that a notice of removal may be filed within 90 days after the order for relief in the case under the Code.

21.     The order for relief was entered with the filing of the voluntary petition on June 14, 2026.

The removal notice was filed before June 14, 2026 which is within 90 days of that date.

22.     Upon removal, Defendant Raymond Rahbar and Defendant Ryan Macaulay consents to

the entry of final orders and/or judgments by the Bankruptcy Court.

WHEREFORE, Defendant Raymond Rahbar gives notice that this action is removed

from the Washington DC Superior Court to the United States Bankruptcy Court for the

District of Columbia and further requests that this Court retain jurisdiction for all subsequent

proceedings.

Respectfully submitted,

/s/ Raymond Rahbar
Raymond Rahbar
10110 Nedra Drive
Great Falls, VA 22066
703-597-3034
Raymond.rahbar@gmail.com

## CERTIFICATE OF SERVICE

I certify that that a true and correct copy of the foregoing Notice was served on June 15, 2026, (i) electronically, via Notice of Electronic Filing upon all registered users in this case pursuant to this Court's CM/ECF policy; (ii) electronically, via Washington DC's mandatory electronic system; (iii) via email to Office of the U.S. Trustee (if U.S., Trustee has been assigned as of this filing); (iv) via in person hearing to James Sadowski, counsel for Plaintiff Terrell Place Partners; (v) via Bureau of Prisons, U.S. mail, first-class postage prepaid, to James Sadowski, Counsel for Plaintiff.

Respectfully submitted,

/s/ Raymond Rahbar
Raymond Rahbar
10110 Nedra Drive
Great Falls, VA 22066
Raymond.rahbar@gmail.com
703-597-3034